UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00305-FDW-DCK

| | |
|---|---|
| **VALLEN DISTRIBUTION, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**THE BARR GROUP OF NASHVILLE, INC.,** )<br>)<br>**Defendant.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment, (Doc. No. 11). For the reasons set forth below, the Court GRANTS IN PART Plaintiff's Motion for Default Judgment as to the default judgment amount but DENIES IN PART Plaintiff's Motion for Default Judgment as to attorneys' fees.

**I. BACKGROUND**

On March 12, 2024, Plaintiff sued Defendant The Barr Group of Nashville, Inc. alleging Defendant failed to pay Plaintiff as required under the Parties' marketing and business sales agreement ("the Agreement"). (See Doc. No. 1.) Under the Agreement, Plaintiff took purchase orders from customers and shipped those customers products. (Id., pp. 2–3.) The customers paid Defendant, and Defendant agreed to pay Plaintiff a certain percentage of net sales on the products. (Doc. No. 1-1.) Plaintiff alleges Defendant failed to do so starting on or about January 17, 2024, and that Defendant currently owes Plaintiff $2,105,119.45 under the Agreement. (Doc. No. 1, pp.

1

3–4.)[1] Based on this nonpayment, Plaintiff asserts claims of breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing. (Id., pp. 4–6.)

Defendant, through its attorney, waived service on April 2, 2024. (Doc. No. 8.) Under Federal Rule of Civil Procedure 4(d)(3), Defendant's deadline to file an Answer was May 24, 2024. (Doc. No. 8.) At this time, Defendant's deadline to file an Answer has passed and no response has been filed. The Clerk entered default under Federal Rule of Civil Procedure 55(a) on June 10, 2024. (Doc. No. 10.) Plaintiff now requests default judgment on its claims, plus pre- and post-judgment interest, attorneys' fees, and costs.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the award of default judgment. In relevant part, it provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general mater, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If a court finds that liability is established, it must then determine damages. E.E.O.C. v. Carter Behav. Health Servs., Inc., No. 4:09-cv-122, 2011 WL 5325485, at *4 (E.D.N.C. Oct 7, 2015) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). The court

---

[1] Plaintiff sent a demand letter to Defendant on January 17, 2024, seeking payment of a total amount due and owing of $2,160,734.38. (Doc. No. 1-2.) Thereafter, Defendant paid Plaintiff a portion of the amount due and owing, reducing the total amount owed to $2,105,119.45. (Doc. No. 1, p. 4.)

must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See E.E.O.C. v. N. Am. Land Corp., 2010 WL 2723727, at *2 (W.D.N.C. July 8, 2010).

### III. DISCUSSION

#### A. Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332. The Court must also ensure it has personal jurisdiction over Defendant before entering default judgment. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 (4th Cir. 2009). The court engages in a two-part inquiry when determining whether its exercise of personal jurisdiction over a given defendant is proper. First, jurisdiction must have a basis under North Carolina's long-arm statute. Second, the exercise of personal jurisdiction must comply with due process under the constitution. Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Courts have historically construed North Carolina's long-arm statute to be coextensive with the Due Process Clause. This construction collapses the statutory and constitutional requirements into a single inquiry whether the non-resident defendant has such "minimum contacts" with the forum state that exercising jurisdiction over it does not offend "traditional notions of fair play and substantial justice." See Nolan, 259 F.3d at 215 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

A court may exercise general personal jurisdiction over defendants who have "continuous and systematic" contacts with the forum state regardless of where the relevant conduct occurs. CFA Inst., 551 F.3d at 292 n. 15. A court may exercise specific personal jurisdiction when the cause of action arises from or is related to the defendant's contacts with the forum. Cambridge

3

Homes of N. Carolina, LP v. Hyundai Const., Inc., 670 S.E.2d 290, 295 (N.C. Ct. App. 2008). The court considers several factors in deciding whether specific jurisdiction exists; these include: "'(1) the extent to which the defendant purposely availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" Id. (quoting Woods Intern., Inc. v. McRoy, 436 F.Supp.2d 744, 748–49 (M.D.N.C. 2006)).

Defendant The Barr Group of Nashville, Inc. is a Tennessee corporation with its principal place of business in Nashville, Tennessee. (Doc. No. 1, p. 1.) However, the Court concludes personal jurisdiction over Defendant is proper under the constitution and North Carolina's long-arm statute. N.C. Gen. Stat. § 1-75.4. Plaintiff's claims arise from the Agreement, under which Defendant agreed Plaintiff—a North Carolina entity—would perform certain sales services for it in North Carolina. (Doc. No. 1, pp. 1–4.) See Woods, 436 F. Supp.2d at 749. Defendant caused harm to Plaintiff in North Carolina by failing to remit payment as required under the Agreement and Plaintiff's well-pleaded allegations demonstrate "[p]roducts, materials or thing[s] processed, serviced or manufactured by the defendant were used or consumed within [North Carolina] in the ordinary course of trade." N.C. Gen. Stat. § 1-75.4(4)(b). For these reasons, this Court has specific personal jurisdiction over Defendant.

B.     **Default Judgment and Damages**

Based upon the well-pleaded allegations in the complaint, exhibits, and other evidence presented before the Court, Plaintiff has established entitlement to relief, and is hereby granted default judgment on all claims against Defendant.

On issuance of default judgment, North Carolina courts "have consistently followed the rule that the relief to be granted does not depend upon that asked for in the complaint, but upon whether the matters alleged and proved entitle the complaining part[y] to the relief granted." Meir

4

v. Walton, 170 S.E.2d 166, 168 (N.C. Ct. App. 1969). "The party seeking damages must prove them . . . to a reasonable certainty. While the claiming party must present relevant data providing a basis for a reasonable estimate, proof to an absolute mathematical certainty is not required." State Props., LLC v. Ray, 574 S.E.2d 180, 188 (N.C. Ct. App. 2002) (internal citations omitted).

Plaintiff seeks default judgment in the amount of $2,105,119.45, which represents the total amount unpaid from Defendant to Plaintiff under the Agreement based on products sold. Plaintiff also seeks $64,191.72 in prejudgment interest and post-judgment interest at the legal rate.[2] To determine the proper measure of damages on Plaintiff's claims, the Court relies on the exhibits Plaintiff filed with its Complaint. (Doc. Nos. 1-1, 1-2, 1-3, 1-4.) With respect to damages, the Court finds Plaintiff is entitled to what is due and owing under the Agreement in the sum certain amount of $2, 105,119.45, plus prejudgment interest at the legal rate of eight percent (8%) per annum from the date of breach, January 17, 2024, through the date of this Order, and post-judgment interest at the legal rate from the date of this Order until satisfied.

Plaintiff also requests attorneys' fees and costs. Plaintiff did not submit an affidavit attesting to the fees and costs incurred. Even if the Court were to determine an award of fees and costs is appropriate, there is insufficient evidence in the record for the Court to determine the reasonableness of attorneys' fees in this matter.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Default Judgment, (Doc. No. 11), is GRANTED IN PART as to the default judgment amount.

---

[2] Plaintiff's request for prejudgment interest appears to be calculated as of the date the Motion was filed, June 24, 2024. The Court notes Plaintiff is entitled to prejudgment interest from the date of breach through the date of this Court's Order.

2. Default judgment is hereby entered against Defendant in the total amount of $2,105,119.45, plus prejudgment interest at the legal rate of eight percent (8%) per annum from the date of breach, January 17, 2024, through the date of this Order, plus post-judgment interest at the legal rate from the date of this Order until satisfied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 11), is DENIED IN PART WITHOUT PREJUDICE as to attorneys' fees and costs.

**IT IS SO ORDERED.**

Signed: August 23, 2024

*[Signature]*

Frank D. Whitney
United States District Judge